UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,

            Plaintiff,

    v.

HOYT ENTERPRISES INC. (also known as MILLARD L. HOYT) and MILLARD L. HOYT MD PROFIT SHARING PLAN,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CIVIL ACTION

File No. 1:19-cv-18

## COMPLAINT

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Secretary"), alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001, et seq., and is brought by the Secretary under ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

2. This court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. The Millard L. Hoyt MD Profit Sharing Plan ("Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

4. Venue of this action lies in the Southern District of Indiana, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in Indianapolis, Marion County, Indiana, within this district.

## DEFENDANTS

5. Since at least January 1, 1992, Defendant Hoyt Enterprises Inc.[1] ("Hoyt") was the sponsor of the Plan, the Plan Administrator of the Plan, and a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

6. The Plan is named as a Defendant in this action pursuant to Federal Rule of Civil Procedure 19(a), solely to assure that complete relief can be granted.

## ALLEGATIONS

7. Paragraphs 1 through 6 above are realleged and incorporated herein by reference.

8. Hoyt, an Indiana Corporation, was administratively dissolved on April 11, 2002.

9. Millard L. Hoyt, the President of Hoyt and the only person with signature authority on the Plan's account, died July 12, 2004.

10. On information and belief, no successor plan administrator or trustee for the Plan has been appointed.

---

[1] According to the Plan's Form 5500 Annual Reports, the Plan Sponsor and Plan Administrator is Millard L. Hoyt. However, according to the Indiana Secretary of State, the business name is Hoyt Enterprises Inc.

11. The asset custodian for the Plan is Invesco Investment Services, Inc. ("Invesco").

12. According to Invesco, it cannot release the funds in the Plan without someone authorizing the distribution.

13. To date, the beneficiary of the only remaining participant in the Plan has been unable to secure a successor plan administrator's or trustee's signature to authorize the distribution.

14. By Defendant Hoyt failing to administer the Plan, the beneficiary of the remaining participant of the Plan has not been able to obtain a distribution from the Plan of her late mother's individual account balance.

15. As of June 30, 2018, the Plan had one participant with an account balance of $107,438.94.

16. To date, Hoyt has not terminated the Plan or issued a distribution to its remaining Plan participant.

17. Since April 11, 2002, Defendant Hoyt failed to administer the Plan and its assets.

18. By the facts described in paragraphs 7 through 17 above, Defendant Hoyt:

    a. Failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and

    b. Failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such

matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays for judgment:

A. Removing Defendant Hoyt from its position as fiduciary with respect to the Plan;

B. Appointing an independent fiduciary to terminate the Plan consistent with the Plan's governing documents, the Internal Revenue Code, and ERISA, distribute the remaining Plan assets, and conclude any Plan-related matters connected with the proper termination of the Plan;

C. Awarding the Secretary the costs of this action; and

D. Ordering such further relief as is appropriate and just.

Respectfully submitted,

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

s/Ruben R. Chapa
**RUBEN R. CHAPA**
ERISA Counsel

Attorneys for **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor, Plaintiff

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn Street, Room 844
Chicago, Illinois  60604
Telephone: (312) 353-6993
Facsimile: (312) 353-5698
Email: chapa.ruben@dol.gov